UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

A. A.,

    Plaintiff,

v.

CITY OF SUNNYVALE, et al.,

    Defendants.

Case No. 24-cv-09312-VKD

**ORDER GRANTING APPLICATION TO APPOINT GUARDIAN AD LITEM**

Re: Dkt. No. 2

    Plaintiff A.A., a minor, sues the City of Sunnyvale and several of its officers for alleged excessive force in violation of his civil rights under federal and state law. *See* Dkt. No. 3. A.A.'s mother, Maria Lopez, moves for an order appointing her as A.A.'s guardian ad litem. Dkt. No. 2.

    Rule 17 provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). "The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). In California, an individual under the age of 18 is a minor. Cal. Fam. Code § 6500. A minor may bring suit as long as a guardian conducts the proceedings, and the Court may appoint a guardian ad litem to represent a minor's interests in the litigation. Cal. Fam. Code § 6601; Cal. Code Civ. Proc. § 372(a); *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 46-47 (2007).

    "A court has broad discretion in ruling on a guardian ad litem application." *Williams*, 147 Cal. App. 4th at 47. In determining whether to appoint a guardian ad litem, the Court must consider whether the minor and proposed guardian have divergent interests. Cal. Code Civ. Proc. § 372(b)(1).

"When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action, a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams*, 147 Cal. App. 4th at 49 (internal quotations and citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Id*. at 50. "In the absence of a conflict of interest, the appointment is usually made on application only and involves little exercise of discretion." *Id*. at 47 (cleaned up; citation omitted); *see also Student A v. Berkeley Unified Sch. Dist.*, No. 17-cv-02510-MEJ, 2017 WL 2171254, at *1 (N.D. Cal. May 17, 2017) ("When there is no conflict of interest, the guardian ad litem appointment is usually made on ex parte application and involves minimal exercise of discretion by the trial court.") (internal quotations and citation omitted)). Additionally, when "'a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c).'" *J.M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) (quoting *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3d 1338 (11th Cir. 2000)).

Here, the record presented indicates that Ms. Lopez, as A.A.'s mother, is competent and willing to serve as A.A.'s guardian ad litem. Dkt. No. 2-2. As nothing in the record indicates a conflict of interest between Ms. Lopez and A.A., or any other reason why the present application should not be granted, the Court grants the motion and appoints Ms. Lopez as guardian ad litem for A.A.

**IT IS SO ORDERED.**

Dated: January 6, 2025

Virginia K. DeMarchi
United States Magistrate Judge