UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| A.A., a minor, by and through guardian ad litem, MARIA LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SUNNYVALE, et al.,<br><br>Defendants. | Case No. 24-cv-09312-VKD<br><br>**ORDER GRANTING STIPULATION TO APPROVE MINOR'S COMPROMISE**<br><br>Re: Dkt. No. 29 |

## I.  BACKGROUND

Plaintiff A.A., a minor proceeding in this litigation by and through his mother and guardian ad litem Maria Lopez, filed this civil rights action pursuant to 42 U.S.C. § 1983.  His claims arise out of his April 15, 2024 arrest by Sunnyvale police officers, in which A.A. alleges that officers used excessive force, resulting in physical injuries, including a gash to his eyelid that required medical intervention.  *See* Dkt. No. 3.  A.A.'s complaint asserts a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights, as well as several state law and common law claims for violation of the Bane Act (California Civil Code § 52.1), negligence, and battery.  *Id*.

The parties have reached a settlement and now jointly seek the Court's approval of the settlement of A.A.'s claims.  Dkt. No. 29.  In exchange for a dismissal of all claims with prejudice, the City of Sunnyvale ("City"), on behalf of all defendants, agrees (without admitting any liability) to pay $50,000.  Additionally, the parties report that the settlement terms include a mutual release of any and all claims between the parties.  The City will pay a portion of the settlement, $1,444.16, directly to Medi-Cal for A.A.'s medical treatment.  The remainder will be paid by check to A.A.'s attorney, Gustavo Magana, who will hold the funds in a client trust

1  account. Of those funds, $20,000 will be allocated to Mr. Magana for attorneys' fees, as well as
2  an additional $528 to cover the court filing fee and service costs. Those proceeds will be paid by
3  checks written by Mr. Magana from the client trust account. Mr. Magana will provide the net
4  settlement proceeds, $28,027.84, to A.A. in November 2025, when A.A. reaches the age of
5  majority. The parties report that Ms. Lopez approves the settlement terms, as well as the proposed
6  distribution of the settlement funds.

## II. DISCUSSION

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)). In making that determination, courts must "focus[] on the net recovery of the minor plaintiffs under the proposed agreement," and "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1182. "In other words, in this context, the fairness determination is an independent, not a comparative, inquiry." *Id*. Although the Ninth Circuit expressly limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, *see id*. at 1179 n.2, courts in this District have applied the *Robidoux* standard in cases involving the settlement of both federal and state claims. *See Sutton v. Cal. Dep't of Parks and Recreation*, No. 5:23-cv-02057-BLF, 2025 WL 1745731, at *2 (N.D. Cal. June 24, 2025) (citing cases).

This order finds that the settlement of A.A.'s claims is fair and reasonable, in light of the facts of this case, and the range of recovery found reasonable in similar cases. *See, e.g., Sutton*, 2025 WL 1745731, at *2 (approving $30,000 settlement of minor's claims in civil rights case

involving prolonged detention by police with guns drawn); *C.H. Brentwood Union Sch. Dist.*, No. 21-cv-001960-EMC, 2023 WL 2277124 (N.D. Cal. Feb. 28, 2023) (approving $40,000 settlement in case involving tort and civil rights claims based a racially motivated "one-time incident that caused [minor plaintiff] emotional distress and left an abrasion on his neck."); *Granados v. City of Gilroy Police Dep't*, No. 22-cv-01116-BLF, 2022 WL 17489175 (N.D. Cal. Dec. 7, 2022) (approving $90,589.95 settlement in civil rights case involving a toddler bitten by police canine).

Courts typically order settlement funds to be deposited into a blocked account for the minor's benefit. *See, e.g., Sutton*, 2025 WL 1745731 at *2 (citing cases); *see also id*. at *3 (ordering settlement funds to be deposited in blocked account, with funds to be disbursed when minor reaches the age of majority). In this case, the parties note that A.A. will reach the age of majority in a few weeks. They request, and the Court approves, deposit of the settlement funds into a client trust account, with A.A.'s settlement proceeds to be disbursed to him when he reaches the age of majority.

### III.  ORDER

Based on the foregoing, the Court grants the parties' stipulation to approve the settlement of A.A.'s claims as follows:

1. The City shall issue a check in the amount of $48,555.84 to "Law Office of Gustavo Magana for the benefit of A.A. a minor by and through his G.A.L. Maria Lopez." The funds shall be deposited into a client trust account.

2. The Law Office of Gustavo Magana may withdraw from the client trust account its 40% contingency fee in the amount of $20,000, as well as $528 as reimbursement of litigation costs.

3. The City shall issue a check in the amount of $1,444.16 directly to Medi-Cal in payment for A.A.'s medical treatment.

4. On November 21, 2025, by which time A.A. will have reached the age of majority, Mr. Magana shall provide A.A. with a check in the amount of the net settlement proceeds, $28,027.84.

5. By **December 5, 2025**, the parties shall file a stipulated dismissal pursuant to Fed. R. Civ. P. 41. If a dismissal is not filed by that date, then the parties shall appear in Courtroom 2, 5th Floor, 280 South First Street, San Jose, California 95113 on **December 16, 2025 at 10:00 a.m.**

1  and show cause, if any, why the case should not be dismissed pursuant to Fed. R. Civ. P. 41(a).  In
2  advance of the show cause hearing, the parties shall file a statement no later than **December 9,**
3  **2025** advising as to (1) the status of their efforts to complete the terms of their settlement; and
4  (2) how much additional time, if any, is requested to file a dismissal.  If a dismissal is filed as
5  ordered, the Order to Show Cause hearing will be automatically vacated, and the parties need not
6  file a statement in response to this Order.

**IT IS SO ORDERED.**

Dated: October 30, 2025

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge